Filed 5/1/25  P. v. Ceja CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C101469 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR89726) |
| v. | |
| JOEL GERSOM CEJA, | |
| Defendant and Appellant. | |

Defendant Joel Gersom Ceja appeals from the trial court's denial of his postjudgment motion pursuant to Penal Code section 1473.7.[1]  His counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant was advised by counsel of his right to file a

---

[1] Undesignated statutory references are to the Penal Code.

1

supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Although this is not defendant's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6 (*Delgadillo*).) Having done so, we find no arguable error that would result in a disposition more favorable to defendant. The trial court's order denying the section 1473.7 motion is affirmed.

## I. BACKGROUND

In 2014, the People charged defendant with possession of marijuana for the purpose of sale (Health & Saf. Code, § 11359) and transportation of marijuana (*id*., § 11360, subd. (a)). Defendant ultimately pled no contest to possession of marijuana for the purpose of sale. On his written plea form, defendant initialed next to the following statement titled "Immigration Consequences": "I understand that if I am not a citizen of the United States, my plea of guilty or no contest may or, with certain offenses, will result in my deportation, exclusion from reentry to the United States, and denial of naturalization and amnesty and that the appropriate consulate may be informed of my conviction. The offenses that will result in such immigration action include, but are not limited to, an aggravated felony, conspiracy, a controlled substance offense, a firearm offense, and, under certain circumstances, a moral turpitude offense." Defendant also initialed next to the statement that "[b]efore entering this plea, I have had a full opportunity to discuss the following with my attorney: [¶] . . . [¶] The consequences of this plea, including the immigration consequences." During the plea colloquy, the trial court said to defendant, "if you are not a citizen of this country, by entry of your plea today and conviction herein it could result in your deportation, denial of re-admission to this country or affect your ability to become a naturalized citizen. [¶] Do you understand that?" Defendant responded, "Yes, sir." The court found that the plea was free, knowing, intelligent, and voluntary, and that defendant understood the nature and

consequences of the plea. The court sentenced defendant to three years' probation and 60 days jail.

In 2024, defendant moved to withdraw his plea and vacate his conviction under section 1473.7, arguing that he "was not properly advised by his attorney of the immigration consequences and/or was not able to knowingly accept the actual or potential immigration consequences of his plea." In a declaration, defendant averred that: (1) he never discussed his status as a permanent resident with defense counsel from the 2014 case; (2) defense counsel did not ask defendant whether he was a United States citizen and did not inquire about his legal immigration status; (3) defense counsel told defendant if he did not take the plea deal, he could go to prison if he lost at trial; and (4) he did not recall the court mentioning anything about immigration during his plea. Defendant further averred that if he had been advised of the plea's adverse immigration consequences, he would not have accepted the plea and would have proceeded to trial if a plea without immigration consequences was not offered.

The People opposed the motion and submitted declarations from two prosecutors involved in defendant's 2014 case. One of the prosecutors averred that he was shown a contemporaneous case note in his handwriting from April 16, 2014, which stated: " 'Talked with [defense counsel]. Defendant has a green card and wants to plead to something without immigration consequences. I said no.' " The other prosecutor averred that, upon review of the case file, he saw that he "spoke with [defense counsel] regarding this case on April 21, 2014. We discussed an immigration safe plea, and I refused."

At an evidentiary hearing, defendant testified that he did not recall discussing the consequences of his plea deal or immigration issues with defense counsel. He further testified that: (1) his intention in taking the plea was "[t]o not go to jail"; and (2) he would not have accepted the plea if he had known of the adverse immigration consequences because he would be separated from his family if deported. An immigration lawyer (who was designated as an expert) testified that there were possible

3

immigration-neutral offenses that could have applied to the facts of the 2014 case. In his view, the fact that defendant took "the worst plea imaginable" indicated that defendant had not been properly advised. In emails that the parties stipulated to as evidence, defense counsel from the 2014 case stated that he no longer had defendant's case file, that he had no recollection of defendant's specific case, and that it was likely he only gave defendant a basic advisement per the plea form.

The trial court denied the motion, concluding that defendant could not establish a reasonable probability that he would have rejected the plea had he been advised of its immigration consequences. The court explained: "[T]he defendant, again, has offered nothing contemporaneously, showing that it was possible for him to receive an immigration neutral plea under the circumstances. And the expert's testimony to the contrary doesn't propose or suggest that in this court, with this district attorney's office in 2014, that was ever going to be a possibility. [¶] And if there can't be evidence shown that an immigration-neutral disposition was available or even offered, it's not reasonably probable that even if he had been advised, he would have rejected the plea deal because he was more concerned about prison based on his own declaration."

Defendant timely appealed.

## II. DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postjudgment order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to

4

counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice did not inform defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postjudgment relief order under section 1172.6 (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), the same principles may nonetheless apply in the present matter given that this is not defendant's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this order denying defendant's section 1473.7 motion because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record. Having done so, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The order denying defendant's section 1473.7 motion is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

DUARTE, J.

6